IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Dwayne D. Gray, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14cv414 (TSE/TCB) |
| | ) | |
| V.B.C.C. Inmate Housing, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

Dwayne D. Gray, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, originally alleging that he suffers unconstitutional conditions of confinement and deliberate indifference to his serious medical needs at the Virginia Beach Correctional Center ("VBCC"). By Order dated April 22, 2014, deficiencies in the initial complaint were discussed, and plaintiff was allowed thirty (30) days within which to particularize and amend his allegations in an amended complaint. Plaintiff was expressly cautioned that the amended complaint would be treated as the sole operative complaint in the lawsuit. In addition, plaintiff was directed to sign and return a Consent Form and an affidavit concerning exhaustion of his administrative remedies. Plaintiff has complied with those instructions. After careful review of the amended complaint, the claim of unconstitutional conditions of confinement must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] Plaintiff includes

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

no reference whatever to his allegations of deliberate indifference in the amended complaint, so that claim is deemed abandoned.[2]

## I. Background

Plaintiff alleges in the amended complaint that the inmate population at VBCC consists of a "significant number of pretrial detainees," as well as convicted persons sentenced to terms of less than two years imprisonment or awaiting transfer to other facilities. Am. Compl. at 2-3. Plaintiff currently is housed in pod C2A, which he describes as a 7' by 13' cell originally designed to house two persons, but which is now shared by three inmates. As a result, one person must sleep on "a cold concrete floor" next to the cell's toilet, where he is exposed to urine and fecal matter. Am. Compl. at 3.[3] Plaintiff states that cleaning supplies are issued daily only between the hours of 7 to 7:45 a.m., and he asks, "What about the rest of the day and night[?]" Id. Plaintiff alleges without additional detail that VBCC inmates experience "nearly continuous lockdowns" which subject them to inadequate medical care, risk of serious harm, lack of basic life necessities, denial of access to the courts, and alienation from family. Id. Plaintiff also

---

      (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
           (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
           (2) seeks monetary relief from a defendant who is immune from such relief.

[2]In substance, plaintiff alleged in the initial complaint that he had to wait "almost two months" to have some "bad teeth" extracted.

[3]It is noted that plaintiff does not allege that he is sleeping on the floor; he states only that "a third person" must do so as the result of "overcrowded conditions" at VBCC. Am. Compl. at 3. However, for purposes of this analysis, it is assumed that the pro se plaintiff personally has been required to sleep under such conditions.

contends that the lockdowns prevent him from showering on a daily basis or maintaining a clean appearance and prevent "adequate sanitation" of the VBCC cells, resulting in moldy showers and infestations of insects and rodents. Am. Compl. at 3-4. Plaintiff asserts that the overcrowding at VBCC is "related to, and made worse by other deleterious conditions "maintained by the city as a matter of practice and policy," including inadequate day room and recreational space, poor ventilation and air quality, poorly maintained exhaust and intake vents, use of stained or damaged mattresses and linens, inadequate laundry practices which force inmates to wash their clothes in sinks and toilets in their cells, failure to train sheriffs and other staff to deal with the overcrowded conditions, and the allowance of "unconscionably small amount[s] of unencumbered space" which forces inmates into close contact and creates a high risk of infectious disease, physical injury and violence. Am. Compl. at 4-5.

The named defendants in the amended complaint are Will Sessoms, described by plaintiff as "mayor of Virginia;" Terry McAuliffe, said to be "the governor of the V.B.C.C.;" "inmate housing;" and Ken Stoley, the "overseeing at V.B.C.C." Am. Compl. at 2.[4] Plaintiff seeks an award of compensatory and punitive damages. Am. Compl. at 6.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998); Hishon v. King & Spalding, 467

---

[4]The Court takes judicial notice that Will Sessoms and Kenneth Stolle are the Mayor and the Sheriff of Virginia Beach, respectively.

U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III. Analysis

To establish a claim for cruel and unusual punishment in violation of the Eighth Amendment due to conditions of confinement, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need, that is, one causing serious physical or emotional injury, and (2) that prison officials were deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991).[5] To meet

---

[5]Plaintiff apparently is a pretrial detainee rather than a convicted prisoner. Am. Compl. at 3. Claims of pretrial detainees are governed by the due process clause of the Fourteenth Amendment. Riley v. Dorton, 115 F.3d 1159 (4th Cir.), cert. denied, 522 U.S. 1020 (1997). It is well established, however, that the due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 250 (4th Cir. 2005). Therefore, in an abundance of caution, the Eighth Amendment standard is discussed here. See Fischer, infra, 2007 WL 1624315 at *4, n. 2 ("We are unsure of Fischer's status [as pretrial detainee or convicted prisoner] during the events at issue in this case, but that uncertainty is of no consequence. The 'minimum standard' of ensuring inmates with the 'basic necessities' is the same regardless of the constitutional provision.")

the first prong, plaintiff must allege facts sufficient to show that the condition complained of was a "sufficiently serious" deprivation of a basic human need. Farmer v. Brennan, 511 U.S. at 834. Only extreme deprivations will make out an Eighth Amendment claim, and it is plaintiff's burden to allege facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in serious or significant physical or emotional injury. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Strickler v. Waters, 989 F.2d 1375, 1379-81 (4th Cir. 1993). To meet the second prong, plaintiff must allege facts sufficient to show that defendants knew of circumstances from which an inference could be drawn that a "substantial risk of serious harm" was posed to plaintiff's health and safety, that they drew that inference, and then disregarded the risk posed. Farmer, 511 U.S. at 837.

Taking all of plaintiff's allegations as true, he has failed to satisfy either component of an actionable Eighth Amendment claim. Even collectively, the asserted facts that VBCC cells are overcrowded, plaintiff may have had to sleep on the floor near the toilet at various times, can only clean his cell once a day, and is frequently placed in lockdown status do not comprise objectively serious deprivations of his basic human needs, as they do not subject plaintiff to such grave risk that contemporary notions of decency are violated. Cf. Hudson, 503 U.S. at 8. In Crowe v. Leeke, 540 F.2d 740 (4th Cir. 1976), an inmate claimed that overcrowded conditions at his institution amounted to cruel and unusual punishment where three inmates were housed in a two-man cell and one was required to sleep on the floor. The district court dismissed the complaint and the Fourth Circuit affirmed, finding Crowe's claim that he was "forced to sleep in an overcrowded cell is not a condition of confinement which shocks the conscience so as to fall within the constitutional prohibition against cruel and unusual punishment." Id. at 742. More recently, the Eleventh Circuit reached the same conclusion in Fischer v. Ellegood, 238 Fed.

App'x 428, 2007 WL 1624315 (11th Cir. June 6, 2007), where an inmate alleged that a lockdown resulted in overcrowded and unsanitary conditions that violated his constitutional rights. Among his specific claims were allegations that cells were overcrowded, that inmates were forced to sleep on bare cement floors and on other inmates' mattresses and unwashed linens, and that inmates were deprived of their daily showers. In affirming the summary judgment awarded to defendants on this issue, the Eleventh Circuit noted that overcrowding even up to double capacity does not violate the Constitution absent "deprivations of essential food, medical care, or sanitation." Id. at 433, quoting Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981). The court further held that plaintiff had failed to show that sleeping on the floor, sleeping on unwashed linens, or being denied showers amounted either to deprivation of "essential ... sanitation" or Eighth Amendment violations in their own rights. Id. Here, then, taken as true, plaintiff's assertions that three inmates are housed in cells designed for two, he may have had to sleep on the floor, and he can clean his cell only once a day do not describe conditions that violate contemporary notions of decency and thus do not state an Eighth Amendment claim. Cf. Hudson, 503 U.S. at 8. Plaintiff's additional conclusory and generalized assertions that the conditions he describes create a high risk of disease, physical injury, and violence fall short of suggesting either that plaintiff is subjected to "a substantial risk of serious harm" or that VBCC officials have recognized and then disregarded such a risk. Cf. Farmer, 511 U.S. at 837. Under these circumstances, the complaint states no claim for which § 1983 relief is available.[6]

---

[6]The amended complaint suffers from other problems as well. It is questionable whether plaintiff's claim of unconstitutional conditions of confinement is exhausted, since he indicates in his exhaustion affidavit that there are no administrative remedies available to him or the issue he raises is nongrievable. Dkt. 6; cf. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") In addition, none of the defendants named in the amended complaint

## IV. Conclusion

For the foregoing reasons, the complaint must be dismissed for failure to state a claim pursuant to § 1915A. Plaintiff's application to proceed in forma pauperis accordingly must be denied, as moot. An appropriate Order shall issue.

Entered this _____ day of _____ July _____ 2014.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

---

appears to be amenable to suit under §1983. However, as plaintiff's allegations in substance state no claim for §1983 relief, these issues need not be further explored.